# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**In re: Archdiocese of Milwaukee,**

        Debtor.         **Bankr. Case No. 11-20059-svk**

**ONEBEACON INSURANCE COMPANY,**

        Appellant,

        -vs-         **Case No. 14-C-840**

**ARCHDIOCESE OF MILWAUKEE,**

        Appellee.

## DECISION AND ORDER

In this appeal, OneBeacon Insurance Company argues that the bankruptcy court abused its discretion by denying OneBeacon's request for relief from the automatic stay in the underlying chapter 11 bankruptcy proceedings involving the Archdiocese of Milwaukee. OneBeacon requested relief from the stay so the Wisconsin Supreme Court could consider whether to grant or deny the Archdiocese's Petition for Review from an appellate court ruling that certain sexual abuse claims filed in Wisconsin State Court were not covered by OneBeacon insurance policies. For the reasons that follow, the bankruptcy court abused its discretion in refusing to lift the automatic stay.

## I. Background

Prior to its bankruptcy filing, the Archdiocese of Milwaukee was involved in a series of lawsuits arising out of allegations of sexual abuse committed by former priests. In these actions, abuse victims alleged causes of action against the Debtor for negligence, negligent misrepresentation, and fraud. The Debtor tendered the defense of the state court actions to various insurance companies, including OneBeacon. For most of these cases, OneBeacon accepted the tender and defended the Debtor pursuant to a reservation of rights.

In each of 13 separate state court cases, the plaintiffs alleged that the Debtor represented that children were safe in the presence of priests despite high-ranking personnel having knowledge of the priests' history of sexual abuse. OneBeacon moved to intervene in each of the proceedings in the State Court Litigation and, reserving all other potential coverage and policy defenses, requested a declaration of no coverage. OneBeacon also moved to bifurcate and stay the liability and damages portions of the State Court Litigation so that the coverage issue could proceed. Those motions were granted, although certain limited discovery on liability and damages was allowed, for which OneBeacon paid defense costs.

Two trial courts found that the negligent misrepresentation claims

did not trigger insurance coverage under the OneBeacon policies because the facts underlying the complaints did not constitute "occurrences" as defined by the insurance policy. The parties stipulated to the same result in the remaining state court proceedings, and the Debtor pursued a consolidated appeal. On November 23, 2010, the Wisconsin Court of Appeals affirmed, concluding that the allegations underlying the plaintiffs' complaints constituted volitional acts and not accidents that would be covered under the policy. On December 23, 2010, the Debtor filed a petition for review with the Wisconsin Supreme Court. OneBeacon's response to the petition was due on January 10, 2011, but the response was never filed because the Debtor filed for bankruptcy on January 4, 2011, thus activating the automatic stay.

The Debtor did not request any defense costs from OneBeacon until September 27, 2012, asking for limited defense costs directly related to certain claims. To date, OneBeacon has paid more than $400,000 in costs to the Debtor. On December 30, 2013, the Debtor demanded that OneBeacon pay more than $2.6 million in additional costs incurred from the petition date up to December 2013. Fees continue to accrue that the Debtor would

charge to OneBeacon.[1]

On January 22, 2014, OneBeacon moved for relief from the stay in the bankruptcy court. That same day, the Archdiocese filed an adversary proceeding seeking recovery of its $2.6 million demand for payment from OneBeacon. The Court withdrew the reference of this case from the bankruptcy court. *Archdiocese of Milwaukee v. OneBeacon Ins. Co.*, Case No. 14-C-264.

On February 12, 2014, the Debtor filed its proposed chapter 11 plan of reorganization. If the plan is confirmed, the Debtor's rights to pursue recoveries from OneBeacon and other insurers (other than the rights at issue in Case No. 14-C-264) would be assigned to an insurance litigation trust that benefits abuse survivors.

On June 5, 2014, the bankruptcy court issued an order denying OneBeacon's motion to lift the stay. The court expressed concern that if it lifted the stay and allowed the appeal to proceed, the Debtor would be "saddled with the time and expense of pursuing the appeal, at a critical juncture in this Chapter 11 case, when the Debtor should be focused on

---

[1] The Debtor's attorneys make monthly applications to the bankruptcy court for approval of their fees. Those applications reveal that from the beginning of December 2013 to the end of March 2014, the Debtor incurred $17,684.30 in fees on "matter 16," which it designates as fees for which OneBeacon is financially responsible. On July 24, 2014, after the record was transmitted to this Court, the Debtors filed another fee application disclosing that in June 2014, the Debtor's attorneys billed an additional $26,478.42.

negotiating with the creditors to achieve confirmation of the plan." Memorandum Decision at 5. The bankruptcy court also explained that the delay "is not permanent: the Debtor conceded that the automatic stay will terminate at plan confirmation. The confirmation hearing is currently scheduled for October 2014. Under the circumstances of this complex case, this short additional extension of the stay while the case proceeds to confirmation ameliorates the consequences of the delay suffered by OneBeacon." *Id.* Finally, the bankruptcy court noted that OneBeacon was likely to succeed on the merits, but that this factor alone did not outweigh "the other considerations favoring the Debtor and the estate." *Id.* at 7 n.2.

Thus, in denying OneBeacon's motion to lift the stay, the bankruptcy court seemed to expect that the confirmation hearing was more or less imminent. Two weeks later, however, the bankruptcy court ruled that it lacked jurisdiction to confirm the Debtor's proposed reorganization plan because the terms of the plan required settlement of the contentious Cemetery Trust litigation that is currently pending in the Seventh Circuit Court of Appeals following this Court's ruling that the Religious Freedom Restoration Act sheltered the Cemetery Trust funds from suit. Thus, the confirmation hearing has been delayed indefinitely. *See* June 20 Memorandum Decision and Order at 12-13 ("The Court remains hopeful

that the confirmation process need not completely grind to a halt until the appeal is decided. Notwithstanding the importance of the Cemetery Trust Litigation provisions in the plan, there are other issues that could be addressed during the pendency of the appeal. . . . Alternatively, the Debtor could modify the plan to remove the Cemetery Trust Litigation provisions or alter those provisions in a manner that is acceptable to the Committee"). The bankruptcy court's ruling that it lacked jurisdiction to dismiss the Cemetery Trust litigation is currently pending on appeal before Judge Adelman. Case No. 14-C-848.[2]

## II.   Analysis[3]

The filing of a bankruptcy petition operates as a stay of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement" of the bankruptcy case. 11 U.S.C. § 362(a)(1). This "automatic stay" provision is "designed to protect debtors from all collection efforts while they attempt to regain their financial

---

[2] That action was originally assigned to this Court, but on August 8, 2014, the Court returned it to the Clerk of Court for random reassignment in light of the ongoing uncertainty as to whether the Seventh Circuit might eventually grant the appellants' request for a writ of mandamus directing my recusal from all proceedings related to the Cemetery Trust. *See* Case No. 14-C-849, ECF No. 9.

[3] The Court can exercise jurisdiction because orders denying relief from the automatic stay are final and appealable orders. *Matter of Boomgarden*, 780 F.2d 657, 660 (7th Cir. 1985); 28 U.S.C. § 158(a).

footing." *Kimbrell v. Brown*, 651 F.3d 752, 755 (7th Cir. 2011). However, the automatic stay is not sacrosanct. Section 362(d) of the Bankruptcy Code provides that on "motion of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay . . . for cause . . ." Courts consider whether (1) any great prejudice to either the bankruptcy estate or the debtor will result from continuation of the civil suit, (2) the hardship to the non-debtor party by maintenance of the stay considerably outweighs the hardship of the debtor, and (3) the creditor has a probability of prevailing on the merits. *Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991). The bankruptcy court's ruling on this issue is reviewed for abuse of discretion. *Boomgarden*, 780 F.2d at 660. Abuse of discretion occurs when the court's decision "is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." *In re Kmart Corp.*, 381 F.3d 709, 712-13 (7th Cir. 2004).

The Court can start with the last factor first. The bankruptcy court found, as noted, that OneBeacon was likely to succeed on the merits in state court. This only makes sense because OneBeacon was successful before the trial court, and then again before the Wisconsin appellate court.

The Archdiocese asserts that OneBeacon is unlikely to succeed "for the reasons outlined in the Debtor's petition to the Wisconsin Supreme Court," and that's it. The Debtor did not attach a copy of the petition, nor did it attempt to summarize why it expects a favorable ruling. The Court will not speculate about possible outcomes without anything to ground such speculation. The Debtor, in effect, waived its right to challenge the bankruptcy court's finding on this issue.

Regarding the balance of harms, the bankruptcy court's analysis was premised on the assumption that the delay imposed by the automatic stay would be lifted relatively soon. The bankruptcy court exploded that assumption by ruling two weeks later that it lacked jurisdiction to confirm the Debtor's proposed reorganization plan. Confirmation is now on hold indefinitely. Thus, the balance of harms has necessarily shifted. The Debtor can no longer claim that it will be distracted trying to negotiate with creditors to achieve confirmation of the plan — at least not right now, and not for quite a while, it would seem. Meanwhile, the harm to OneBeacon will continue so long as the automatic stay is in place.

In any event, the alleged "distraction" caused by the state court appeal was overstated. The Debtor has separate counsel to handle those

proceedings.[4] Moreover, resolution of the state court appeal can only help to facilitate reorganization. As it stands right now, the Debtor's reorganization plan assumes that OneBeacon will win the state court appeal. If the Debtor wins, another asset would be available to satisfy the claims of abuse victims. *Matter of Vitreous Steel Prods. Co.*, 911 F.2d 1223, 1231-32 (7th Cir. 1990) ("early release of the collateral may aid administration of the estate by allowing a quicker determination of the amount of the undersecured creditors' claim"). If the Archdiocese is concerned about the costs associated with the state court appeal because it is not likely to succeed, the Archdiocese could always concede defeat and drop the appeal. Assuming that the Debtor is not inclined to do so, the best course of action is to let the issue be resolved as soon as possible. *Fernstrom* at 736 ("debtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors"); *In re Williams*, 144 F.3d 544, 550 (7th Cir. 1998) (no abuse of discretion in lifting stay where "all roads lead to the state court").

The bankruptcy court also expressed concern that allowing the state

---

[4] The Debtor would actually have very little to do in the state court appeal, at least immediately. The immediate consequence of lifting the stay is that OneBeacon would respond to the Archdiocese's petition for review. The Debtor would only be forced to work on the appeal if the Supreme Court granted the petition.

court appeal to proceed would "deprive the abuse survivors — the ultimate beneficiaries of the insurance coverage litigation — of input into strategic decisions about the litigation." June 5 Memorandum Decision at 5. This finding was clearly erroneous because the Debtor has a fiduciary duty to act in the best interests of its creditors. *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991). Notably, the creditors' committee charged with representing the interests of abuse victims did not object to OneBeacon's motion. The committee could also request authority to take over the state court appeal from the Archdiocese. *In re Commodore Int'l Ltd.*, 262 F.3d 96, 100 (2d Cir. 2001).

While the harm to the Debtor and the estate is minimal, OneBeacon is stuck paying defense costs that the state courts have already said OneBeacon is not legally obligated to pay. In essence, OneBeacon is being held hostage, forced to bankroll an interminable and highly contentious bankruptcy proceeding. The automatic stay is the only thing that stands in the way of clarity for OneBeacon *and* the Archdiocese. The bankruptcy court abused its discretion because the hardship to OneBeacon through maintenance of the stay considerably outweighs any hardship to the Debtor caused by lifting the stay.

### III.   Conclusion

The bankruptcy court's order denying OneBeacon's motion to terminate the automatic stay is **REVERSED**. This matter is **REMANDED** to the bankruptcy court for further proceedings consistent with this opinion.

Dated at Milwaukee, Wisconsin, this 5th day of October, 2014.

**SO ORDERED:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**